## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **GREEN MOUNTAIN CAPITAL, LLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>**FEDERAL INSURANCE COMPANY,**<br><br>**Defendant.** | No.<br><br>**PLAINTIFF REQUESTS JURY TRIAL** |

### COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH

Plaintiff, Green Mountain Capital, LLC ("Green Mountain"), through its undersigned counsel, for its Complaint for Breach of Contract and Bad Faith against Defendant, Federal Insurance Company ("Federal"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff, Green Mountain, brings this action against Defendant, Federal, to enforce the terms of a Financial Institution Bond issued by Federal to Green Mountain, under which Federal agreed to pay Green Mountain, for, among other things, losses resulting from forgeries or fraudulent material alterations on negotiable instruments, certificated securities and other financial instruments. On or around September 18, 2018, Green Mountain discovered that it had sustained a loss of $1 million in connection with its investments in a purported consumer debt portfolio as a direct result of forgeries and/or fraudulent material alterations contained on investment participation-related documents. In breach of the terms of its Financial Institution Bond, Federal has failed to honor Green Mountain's claim. Green Mountain seeks damages resulting from Federal's breach of contract and bad faith.

## THE PARTIES

2. Green Mountain, a Delaware limited liability company, is a licensed consumer debt buyer with its principal place of business in Boulder, Colorado.

3. Federal is an insurance company domiciled in the State of Indiana. Federal transacts the business of insurance in Illinois and negotiated and issued the Financial Institution Bond at issue in this case to Green Mountain though insurance broker Mesirow Insurance Services, Inc., located in Chicago, Illinois.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because Plaintiff and Defendant are citizens of different States and the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) because this is a District in which Federal, the sole defendant, is deemed to reside and 28 U.S.C §1391(b)(2) because this is the District in which a substantial part of the events or omissions giving rise to Plaintiff's claims (negotiation and issuance of the Financial Institution Bond) occurred.

## BACKGROUND

**The Federal Financial Institution Bond**

6. Federal issued to Green Mountain Financial Institution Bond No. 82473050 with a "bond period" from February 1, 2018 to February 1, 2019 (the "Federal Bond"). A true and accurate copy of the Federal Bond is attached hereto.

7. The Federal Bond Insuring Agreement provides, in relevant part, as follows:

The COMPANY, in consideration of payment of the required premium, and in reliance on the APPLICATION and all other statements made and information furnished to the COMPANY by the ASSURED, and subject to the DECLARATIONS made a part of this Bond and to all other terms and conditions of this Bond, agrees to pay the ASSURED for:

*Forgery or Alteration*

4. Loss resulting directly from:

   a. **Forgery** on, or fraudulent material alteration of, any **Negotiable Instrument** (other than an **Evidence of Debt**)**, Acceptance, Withdrawal Order** or receipt for the withdrawal of **Property, Certificate of Deposit or Letter of Credit,** or

   b. transferring, paying or delivering any funds or other **Property**, or establishing any credit or giving any value in reliance on any written instructions to the ASSURED authorizing or acknowledging the transfer, payment, delivery or receipt of funds or other **Property** which instructions fraudulently purport to bear the handwritten signature of any customer of the ASSURED, financial institution, or **Employee**, but which instructions either bear a **Forgery** or have been fraudulently materially altered without the knowledge and consent of such customer, financial institution, or **Employee.**

For the purpose of this INSURING CLAUSE, a mechanically reproduced facsimile signature is treated the same as a handwritten signature.

*Extended Forgery*

5. Loss resulting directly from the ASSURED having, in good faith, for its own account or the account of others:

   a. acquired, sold or delivered, given value, extended credit or assumed liability, in reliance on any original

   (1) **Certificated Security,**

   (2) deed, mortgage or other instrument conveying title to, or creating or discharging a lien on, real property.

   (3) **Evidence of Debt,** or

   (4) **Instruction**

3

        which

        i.     bears a **Forgery**, or

        ii.    is fraudulently materially altered, or

        iii.   is lost or stolen, or

    b.    guaranteed in writing or witnessed any signature on any transfer, assignment, bill of sale, power of attorney, or endorsement upon or in connection with any item listed in a. (1) through a. (4) above, or

    c.    acquired, sold or delivered, or given value, extended credit or assumed liability in reliance on any item listed in a. (1) or a. (2) above which is a **Counterfeit Original**.

Actual physical possession, and continued actual physical possession if taken as collateral, of the items listed in a.(1) through a. (4) above by the ASSURED or a Federal or State chartered deposit institution of the ASSURED is a condition precedent to the ASSURED having relied on such items. Release or return of such collateral is acknowledgment by the ASSURED that it no longer relies on such collateral.

For the purpose of this INSURING CLAUSE, a mechanically reproduced facsimile signature is treated the same as a handwritten signature.

8. The Federal Bond defines "Certificated Security" as follows:

    c.    **Certificated Security** means a share, participation or other interest in property of, or an enterprise of, the issuer or an obligation of the issuer, which is:

        (1)    represented by an instrument issued in bearer or registered form, and

        (2)    of a type commonly dealt in on securities exchanges or markets or commonly recognized in any area in which it is issued or dealt in as a medium for investment, and

        (3)    either one of a class or series or by its terms divisible into a class or series of shares, participations, interests or obligations.

9. The Federal Bond defines a "Negotiable Instrument" as follows:

    0.    **Negotiable Instrument** means any writing:

        (1)    signed by the maker or drawer, and

    (2)  containing an unconditional promise or order to pay a sum certain in **Money** and no other promise, order, obligation or power given by the maker or drawer, and

    (3)  is payable on demand or at a definite time, and

    (4)  is payable to order or bearer.

10. The Federal Bond defines "forgery" as follows:

   i. **Forgery** means the signing of the name of another natural person with the intent to deceive but does not mean a signature which consists in whole or in part of one's own name, with or without authority, in any capacity for any purpose.

11. The Federal Bond contains limits of $1 million per loss under the Forgery or Alteration and Extended Forgery Insuring Agreements, with a $100,000 deductible.

**Green Mountain's Investment in Fraudulent Consumer Debt Portfolio**

12. In 2018, Green Mountain was introduced to an individual named Jay Ledford ("Ledford") and Ledford's firm, Centurion Capital Corporation ("Centurion"). Ledford and Centurion marketed investments to Green Mountain which purportedly consisted of percentage interests in consumer debt portfolios.

13. On April 3, 2018, Green Mountain invested $1 million in an interest in a student loan debt portfolio through Ledford and his related entity Centurion.

14. The investment by Green Mountain involved various documents, including, but not limited to, an "Agreement Concerning Acquisition of Portfolio" between Green Mountain and Centurion and a purported "Account Purchase Agreement" between Centurion and JTM Capital Management, LLC, the purported seller of the student loan debt portfolio.

15. On or around September 18, 2018, Green Mountain learned that it was the victim of an elaborate Ponzi-like scheme perpetrated by Merrill/Ledford and their associates and that it

had lost the full value of its investment. In its federal court complaint against Merrill, Ledford and associates, the Securities and Exchange Commission ("SEC") alleged the following:

> This matter involves an offering fraud by Defendants Kevin B. Merrill ("Merrill"), Jay Ledford ("Ledford"), and Cameron Jezierski ("Jezierski") that raised over $345 million from over 230 investors to purportedly purchase consumer debt portfolios. From at least 2013 to present, Defendants operated this Ponzi-like scheme that involved, among other things, securities offerings rife with misrepresentations, fake debt, forged signatures, fabricated wire transfers, the movement of millions of dollars into personal accounts, and an elaborate scheme wherein Defendants offered and sold investments in the same (and often fictitious) debt and/or debt portfolios, to multiple victims.

16. As a direct result of the forged and/or materially altered investment documents and other instruments, Green Mountain suffered a loss in the amount of at least $1 million.

**Green Mountain's Bond Claim**

17. Green Mountain timely notified Federal of its claim under the Federal Bond and submitted its sworn proof of loss to Federal on December 18, 2018 (hereinafter "Green Mountain's Bond Claim").

18. Federal acknowledged receipt of Green Mountain's Bond Claim and requested additional information from Green Mountain.

19. Each time Federal requested additional information, Green Mountain provided the requested information, to the best of its knowledge and abilities.

20. On June 27, 2019, Federal denied Green Mountain's Bond Claim.

**COUNT I-BREACH OF CONTRACT**

21. Green Mountain repeats and realleges the facts set forth in Paragraphs 1-20 as though fully set forth herein.

22. Without waiving its right to coverage under other sections of the Federal Bond, Green Mountain's Bond Claim is covered under Insuring Clause 4 of the Federal Bond because

it involves a loss which resulted directly from forgery on, or fraudulent material alteration of, one or more negotiable instruments.

23. Without waiving its right to coverage under other sections of the Federal Bond, Green Mountain's Bond Claim is also covered under Insuring Clause 5 of the Federal Bond because it involves a loss which resulted directly from Jumar having acquired, sold or delivered, given value, extended credit or assumed liability, in reliance on one or more certificated securities which contained a forgery or were fraudulently materially altered.

24. The Federal Bond does not contain any other terms, conditions or exclusions which limit or preclude coverage for Green Mountain's Bond Claim. To the extent Federal relies upon certain policy provisions to deny coverage, such policy provisions are ambiguous and should be construed in favor of coverage.

25. Green Mountain performed all conditions precedent under the Federal Bond.

26. Federal breached the Federal Bond by wrongfully failing to honor Green Mountain's Bond Claim.

27. Green Mountain has suffered damages as a result of Federal's wrongful failure to honor Green Mountain's Bond Claim in that it has been wrongfully deprived of the benefit of its bargain with Federal in the amount of the $1 million policy limits.

WHEREFORE, Plaintiff, Green Mountain Capital, LLC, respectfully requests that this Court enter judgment in its favor and against Defendant, Federal Insurance Company, in the amount of $1 million, plus other damages to be proven at trial, plus interest and costs.

## **COUNT II-BAD FAITH**

28. Green Mountain repeats and realleges the facts set forth in Paragraphs 1-27 as though fully set forth herein.

29.     Federal breached its duty of good faith and fair dealing by unreasonably and vexatiously delaying its investigation of, and refusing to honor, Green Mountain's Bond Claim.

30.     Green Mountain was damaged by Federal's bad faith in that it was required to retain counsel and bring suit in order to enforce its rights under the Federal Bond.

WHEREFORE, Plaintiff, Green Mountain Capital, LLC, respectfully requests that this Court enter judgment in its favor and against Defendant, Federal Insurance Company, in an amount to be determined at trial as punitive damages, attorneys' fees and costs in this action, plus other damages to be determined at trial, plus interest and costs.

Respectfully Submitted,

GREEN MOUNTAIN CAPITAL, LLC

By:     /s/ Kevin J. Kuhn
            Its Attorney

Kevin J. Kuhn
Kuhn Firm P.C.
345 E. Wacker Dr.
Chicago, IL 60601
847-416-2002
fax: 847-416-4798
kkuhn@kuhnfirm.com