# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GREEN MOUNTAIN CAPITAL, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 1:19-cv-02603-GLR ) |
| FEDERAL INSURANCE COMPANY, | ) ) ) Honorable George L. Russell, III |
| Defendant. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Federal Insurance Company ("Federal") answers the complaint filed by Green Mountain Capital, LLC ("Plaintiff") and asserts the following affirmative defenses:

## NATURE OF THE ACTION

1. Federal admits that it issued a Financial Institution Bond Form B (identified as Bond No. 82473050 and referred to herein as "Bond") to Plaintiff and that Plaintiff submitted a claim under the Bond. Federal lacks knowledge or information sufficient to form a belief about the truth of that allegation that on or around September 18, 2018, Green Mountain discovered that it had sustained a loss of $1 million in connection with its investments in purported consumer debt portfolios. Federal denies the remaining allegations of paragraph 1.

## THE PARTIES

2. Federal admits that Plaintiff's principal place of business is in Boulder, Colorado. Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2.

3. Federal admits that it is incorporated in the State of Indiana and that its principal place of business is located in New Jersey. Federal admits that it has transacted business in the State of Illinois with respect to unrelated matters, but denies that the Bond was negotiated and issued to Plaintiff in Illinois. Answering further, Federal denies that Plaintiff's claims relate in any way to the broker retained by Plaintiff.

## JURISDICTION AND VENUE

4.      Federal admits that the United States District Court for the District of Maryland has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

5.      Federal denies that venue is proper in Illinois and denies the allegations contained in paragraph 4. Answering further, this matter was transferred by the United States District Court for the Northern District of Illinois to the District of Maryland pursuant to 28 U.S.C. § 1406(a).

## BACKGROUND

**The Federal Financial Institution Bond**

6.      Admitted.

7.      Federal admits that paragraph 7 quotes a portion of Insuring Clause 4 and a portion of Insuring Clause 5 of the Bond, but denies that paragraph 7 fully or accurately characterizes the scope of coverage under the Bond, and denies any allegations that are inconsistent with the terms, definitions, conditions, provisions, limitations, and exclusions in the Bond.

8.      Federal admits that paragraph 8 quotes the Bond's definition of "Certificated Security," but denies that this paragraph fully or accurately characterizes the scope of coverage under the Bond, and denies any allegations that are inconsistent with the terms, definitions, conditions, provisions, limitations, and exclusions in the Bond.

9.      Federal admits that paragraph 9 quotes the Bond's definition of "Negotiable Instrument," but denies that this paragraph fully or accurately characterizes the scope of coverage under the Bond, and denies any allegations that are inconsistent with the terms, definitions, conditions, provisions, limitations, and exclusions in the Bond.

10.     Federal admits that paragraph 10 quotes the Bond's definition of "Forgery," but denies that this paragraph fully or accurately characterizes the scope of coverage under

the Bond, and denies any allegations that are inconsistent with the terms, definitions, conditions, provisions, limitations, and exclusions in the Bond.

11. Federal admits that Plaintiff's claim under Insuring Clauses 4 and 5 are subject to a $1,000,000 limit of liability and a $100,000 deductible. Federal denies that Plaintiff has suffered a covered loss, that paragraph 11 fully or accurately characterizes the scope of coverage under the Bond, and denies any allegations that are inconsistent with the terms, definitions, conditions, provisions, limitations, and exclusions in the Bond.

**Green Mountain's Investment in Fraudulent Consumer Debt Portfolios**

12. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13. Federal is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Federal is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. Federal admits that a complaint was filed by the SEC against the referenced individuals in the United States District Court for the District of Maryland on September 13, 2018 and paragraph 15 quotes paragraph 1 of that complaint, which is only a portion of the allegations contained in that complaint. Federal is without knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 15.

16. Denied.

**Green Mountain's Bond Claim**

17. Federal admits that Plaintiff notified Federal of its alleged loss on October 10, 2018, and submitted a sworn proof of loss to Federal on December 18, 2018.

18. Admitted.

19. Federal admits that it requested information from Plaintiff. Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19.

20. Admitted.

## **COUNT I-BREACH OF CONTRACT**

21. Federal hereby realleges and incorporates by reference its answers and denials to paragraphs 1 through 20 as though fully set forth herein.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

WHEREFORE, Defendant Federal Insurance Company respectfully requests that this Court enter judgment in its favor and dismiss Count I of Plaintiff's complaint, along with all other relief this Court finds just and appropriate.

## **COUNT II-BAD FAITH**

28. Federal hereby realleges and incorporates by reference its answers and denials to paragraphs 1 through 27 as though fully set forth herein.

29. Denied.

30. Denied.

WHEREFORE, Defendant Federal Insurance Company respectfully requests that this Court enter judgment in its favor and dismiss Count II of Plaintiff's complaint, along with all other relief this Court finds just and appropriate.

## AFFIRMATIVE DEFENSES

Federal, without prejudice to its answer and denials to the allegations in the complaint, alleges the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Any claim under Insuring Clauses 4 or 5 of the Bond is subject to a $100,000 deductible, pursuant to Item 3 of the Declarations and Section 8 of the Conditions and Limitations. Plaintiff is not entitled to recover unless it can establish a covered loss in excess of the applicable deductible.

### SECOND AFFIRMATIVE DEFENSE

Section 5 of the Bond's Conditions and Limitations states that "The COMPANY'S liability for each Single **Loss** shall not exceed the applicable SINGLE LOSS LIMIT OF LIABILITY as stated in Item 3. of the DECLARATIONS or the unpaid portion of the AGGREGATE LIMIT OF LIABILITY, whichever is less. If a Single Loss is covered under more than one INSURING CLAUSE, the maximum payable shall not exceed the largest applicable SINGLE LOSS LIMIT OF LIAIBILITY." Pursuant to Item 3 of the Declarations, any claim under Insuring Clauses 4 or 5 of the Bond is subject to a Single Loss Limits of Liability of $1,000,000. Plaintiff cannot recover an amount in excess of this Single Loss Limit of Liability under either Insuring Clause 4 or 5.

### THIRD AFFIRMATIVE DEFENSE

Section 5 of the Bond's Conditions and Limitations states that "The COMPANY'S total cumulative liability for all **Single Loss** of all ASSUREDS discovered during the BOND PERIOD shall not exceed the AGGREGATE LIMIT OF LIABILITY as stated in ITEM 2. of the DECLARATIONS." Pursuant to Item 2 of the Declarations, Plaintiff's claims under Insuring Clauses 4 or 5 of the Bond are subject to the Aggregate Limit of Liability of

$1,000,000. Therefore, even if Plaintiff can prove coverage under one or more of the insuring clauses, the recovery is limited to $1,000,000.

## FOURTH AFFIRMATIVE DEFENSE

Pursuant to Exclusion 2.d., the "Bond does not directly or indirectly cover...loss of potential income including, but not limited to, interest and dividends not realized by the ASSURED or by any customer of the ASSURED." Plaintiff is not entitled to recover loss of income, interest, or other indirect loss, and must reduce its claimed loss by any payments received on the claimed transactions.

## FIFTH AFFIRMATIVE DEFENSE

Pursuant to Exclusion 2.f., the "Bond does not directly or indirectly cover... any costs, fees and expenses incurred by the ASSURED: (1) in establishing the existence of or amount of loss covered under this Bond, or (2) as a party to any legal proceeding, even if such legal proceeding results in a loss covered by this Bond." Plaintiff cannot demand reimbursement of such fees and costs.

## SIXTH AFFIRMATIVE DEFENSE

Pursuant to Exclusion 2.g., the "Bond does not directly or indirectly cover . . .loss resulting from indirect or consequential loss of any nature." Plaintiff is not entitled to recover any indirect or consequential loss, is not entitled to claim a loss of interest or other indirect loss and must reduce its claimed loss by any payments received on the claimed loans.

## SEVENTH AFFIRMATIVE DEFENSE

Pursuant to Exclusion 2.k., the "Bond does not directly or indirectly cover...loss resulting from any actual or alleged...(1) representation or advice, or (2) warranty or guarantee as to the performance of any investment." To the extent that Plaintiff alleges a loss on investments recommended or guaranteed by Merrill, Ledford, Deville Asset Management, Centurion Capital Corporation or others, the alleged loss is not covered under the Bond.

## EIGHTH AFFIRMATIVE DEFENSE

Pursuant to Section 6 of the Bond's Conditions and Limitations, the "Bond applies only to loss first discovered by an officer of the ASSURED during the BOND PERIOD. Discovery occurs at the earlier of an officer of the ASSURED being aware of: a. facts which may result in a loss of a type covered by this Bond, or b. an actual or potential claim in which it is alleged that the ASSURED is liable to a third party, regardless of when the act or acts causing or contributing to such loss occurred, even though the amount of loss does not exceed the applicable DEDUCTIBLE AMOUNT, or the **Financial Interest in the ASSURED**, or the exact amount or details of loss may not then be known." Plaintiff cannot recover under the Bond unless it proves that discovery, as described in the Bond, occurred during the Bond Period.

## NINTH AFFIRMATIVE DEFENSE

Pursuant to Section 7 of the Bond's Conditions and Limitations, Plaintiff is not entitled to coverage under the Bond unless Plaintiff gave Federal notice "at the earliest practicable moment, not to exceed sixty (60) days after discovery of a loss, in an amount that is in excess of 50% of the applicable DEDUCTIBLE AMOUNT, as stated in Item 3. of the DECLARATIONS," submitted a sworn proof of loss within six (6) months of discovery, and initiated a legal proceeding for recovery of any loss within twenty-four (24) months from discovery of the loss. Plaintiff cannot recover under the Bond unless it provided timely notice and submitted a timely proof of loss.

## TENTH AFFIRMATIVE DEFENSE

Pursuant to Exclusion 4.a., the "Bond does not directly or indirectly cover . . . loss resulting from the complete or partial non-payment of or default on any **Loan** whether such **Loan** was procured in good faith or through trick, artifice, fraud or false pretenses...."

7

Plaintiff alleges that it invested in certain loans; however, any alleged loss resulting from the complete or partial non-payment of the claimed loans cannot be recovered under the Bond.

## ELEVENTH AFFIRMATIVE DEFENSE

Federal acted reasonably and promptly in investigating Plaintiff's claim and the claim is not covered under the Bond; therefore, Federal did not breach the terms of the Bond or any duty of good faith and fair dealing that may be owed to Plaintiff.

## RESERVATION OF RIGHTS

Federal reserves the right to seek leave of Court to amend is Answer or add affirmative defenses that may become known to it through further investigation and through the course of discovery in this litigation.

**WHEREFORE**, Federal denies that Plaintiff is entitled to any recovery whatsoever and requests that this Honorable Court dismiss the complaint and enter judgment in favor of Federal, along with all other relief this Court finds just and appropriate.

Dated: September 23, 2019

Respectfully submitted,

GORDON REES SCULLY
MANSUKHANI, LLP

/s/ *Brian A. Scotti* \_\_\_
Brian A. Scotti (#18249)
Scott L. Schmookler
(admitted *pro hac vice* 09/17/2019)
Nicholas J. Daly
(admitted *pro hac vice* 09/17/2019)
1101 King St. Suite 520
Alexandria, VA 22314
Telephone: (312) 565-1400
Facsimile: (312) 565-6511
bscotti@grsm.com
sschmookler@grsm.com
ndaly@grsm.com
*Attorneys for Federal Insurance Company*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 23, 2019, the foregoing was served on all parties by operation of this Court's Electronic Filing System.


／s/ *Brian A. Scotti*　　　
Brian A. Scotti