UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

August 7, 2020

MEMORANDUM TO COUNSEL RE:   Green Mountain Capital LLC, et al. v.
Federal Insurance Company
Civil No. GLR-19-2603 (Lead Case)
Civil No. GLR-19-2708 (Related Case)

Dear Counsel:

Pending before the Court is Plaintiffs Jumar Management, LLC ("Jumar") and Green Mountain Capital, LLC's ("Green Mountain") Motion for Protective Order Barring Discovery into Plaintiffs' Due Diligence in Making the Investments at Issue (ECF No. 45). As explained below, the Motion is not ripe for disposition and must be denied.

These consolidated cases arise from Jumar's and Green Mountain's decisions to invest in a purported consumer debt portfolio as a result of forged documents, ultimately resulting in million-dollar losses for both companies. (Pls.' Mot. Protective Order at 1–2, ECF No. 45; see also Compl. ¶¶ 12–16, ECF No. 1). Plaintiffs seek to enforce the terms of financial institution bonds (the "Bonds") that Defendant Federal Insurance Company ("Federal") issued to Plaintiffs under which Federal agreed to pay Plaintiffs for, among other things, losses resulting from forgeries or fraudulent alterations on negotiable instruments and related financial documents. (Pls.' Mot. Protective Order at 1–3).

On November 1, 2019, Federal served Plaintiffs with its First Set of Requests for Production, requesting "All Documents relating to any due diligence You conducted into the 'investment' referred to in paragraphs 12, 13 and 14 of Your Complaint, including any due diligence relating to the 'Purchase and Sale' between Centurion or DeVille and a debt seller or the purported sale of a consumer debt portfolio referred to in paragraph 14."[1] (Id. at 3). Plaintiffs objected to Federal's requests, asserting that the requests sought information which is irrelevant and not likely to lead to the discovery of admissible evidence. (Id. at 3). However, Plaintiffs produced several responsive documents without waiving their objections. (Id. at 3–4).

On February 13, 2020, Federal's counsel notified Plaintiffs' counsel that it planned to depose three of Plaintiffs' representatives and would be serving its notice of Rule 30(b)(6) depositions on Plaintiffs. (Id. at 4). On February 17, 2020, Plaintiffs' counsel emailed Federal's

---

[1] Green Mountain invested $1 million in Centurion Capital Corporation ("Centurion"), a firm owned by Jay Ledford. (Compl. ¶¶ 12–13). Jumar invested over $80 million in Centurion and Deville Asset Management ("Deville"), which was also owned by Ledford. (Compl. ¶¶ 12–13, Jumar Mgmt. LLC v. Fed. Ins. Co., 19-cv-2708-GLR (D.Md. filed July 10, 2019), ECF No. 1). Kevin Merrill allegedly introduced Jumar's management to Ledford. (Id.).

counsel to determine whether Federal intended to inquire into Plaintiffs' due diligence in making the investments at issue. (Id.). Federal's counsel declined to answer the question, dismissing it as premature. (Id.).

On February 25, 2020, Plaintiffs filed a Motion for Protective Order Barring Discovery into Plaintiffs' Due Diligence in Making the Investments at Issue. (ECF No. 45). Federal filed an Opposition on March 10, 2020. (ECF No. 46). Plaintiffs filed a Reply on March 13, 2020. (ECF No. 50).

Plaintiffs move for a protective order under Rule 26(c) of the Federal Rules of Civil Procedure to bar discovery by Federal into Plaintiffs' due diligence in making the investments at issue. Under Rule 26(c), "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed.R.Civ.P. 26(c) (2018).

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery . . . [or] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters.

Id. To establish good cause, the movant must present particular and specific facts as to why a protective order should be issued. Baron Fin. Corp. v. Natanzon, 240 F.R.D. 200, 202 (D.Md. 2006) (quoting Write, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2035 (1994)). The movant "must demonstrate that the discovery sought lacks relevance" in that "the likelihood and severity of the harm or injury caused . . . outweighs any need for the information." Id. (quoting UAI Tech., Inc. v. Valutech, Inc., 122 F.R.D. 188, 191 (M.D.N.C. 1988)). Rule 26(c) grants district courts broad discretion "to decide when a protective order is appropriate and what degree of protection is required." Id. (citing Furlow v. United States, 55 F.Supp.2d 360, 366 (D.Md. 1999)).

Plaintiffs contend that the issue of due diligence with respect to the investments is irrelevant because the Bonds did not require Plaintiffs to conduct any due diligence prior to investing.[2] Thus, Plaintiffs argue that Federal may not inquire into the steps Plaintiffs took to verify the existence of the debt portfolios, determine whether the signatures on the documents were authentic, or determine whether the documents relating to the investment were legitimate. Specifically, Plaintiffs ask the Court to preclude Federal from seeking discovery on the following claims: (1) Plaintiffs' decision to purchase the debt portfolios; (2) facts known to Plaintiffs at the time of their purchases; (3) the information Plaintiffs learned and the basis for their decisions to purchase the debt portfolios; (4) Plaintiffs' investigation of Merrill, Ledford, Deville, or Centurion; (5) Plaintiffs' investigation into the purported debt sellers; (6) Plaintiffs' investigation into the debt portfolios; and (7) Plaintiffs' investigation into the authenticity of the purchase agreements and the signatures contained therein.

---

[2] Plaintiffs acknowledge that the Bonds did, however, contain a "good faith" requirement. Plaintiffs argue that, to the extent Federal seeks to challenge whether they acted in good faith, Federal must demonstrate that Plaintiffs ignored obvious red flags on the face of the investment documents.

Conversely, Federal argues that the due diligence issue is premature, as Federal states that it will agree to refrain from referencing "due diligence" in the 30(b)(6) notice, rendering any ruling on this issue no more than an advisory opinion.[3] Federal requests that the Court defer any ruling until the parties have a ripe dispute for resolution. The Court agrees.

"A controversy is ripe when there are interested parties asserting adverse claims <u>upon a state of facts which must have accrued</u> wherein a legal decision is sought or demanded." <u>Citizens of Linganore Opposed to Gridlock v. Bd. of Cty. Comm'rs of Frederick Cty.</u>, No. 1273 Sept. Term 2014, 2015 WL 5968223, at *8 (Md.Ct.Spec.App. July 15, 2015) (emphasis in original). Where an injury or issue "is contingent upon a decision to be made by a third party that has not yet acted," it is not ripe for adjudication. <u>Doe v. Va. Dep't of State Police</u>, 713 F.3d 745, 758 (4th Cir. 2013); <u>see also</u> <u>Buechler v. Keyco, Inc.</u>, No. WDQ-09-2948, 2010 WL 1664226, at *3 (D.Md. Apr. 22, 2010) (concluding that plaintiff's motion to strike requested an advisory opinion because it required the court to determine if the rejection of a Rule 68 offer warranted imposition of costs when no request for costs had been made).

Here, Federal has not yet served the Rule 30(b)(6) deposition notices at issue in this dispute. Indeed, when responding to Plaintiffs' counsel's inquiry into whether the notices would include topics related to due diligence, Federal's counsel explained that he had not even begun preparing for depositions. (<u>See</u> Pls.' Mot. Protective Order Ex. 2 ["Emails"] at 9, ECF No. 45-1).[4] Moreover, Federal has since agreed to omit any references to due diligence in those notices. Because Federal has not served the deposition notices, which purportedly will not include references to due diligence, this dispute is not ripe for resolution. Thus, any ruling on the merits would constitute an advisory opinion, which this Court is prohibited from rendering. <u>See</u> <u>Shenandoah Valley Network v. Capka</u>, 669 F.3d 194, 201 (4th Cir. 2012) (explaining that "Article III's case-or-controversy requirement limit[s] the business of federal courts to questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process") (internal quotation marks omitted).

For the foregoing reasons, Plaintiffs' Motion for Protective Order Barring Discovery into Plaintiffs' Due Diligence in Making the Investments at Issue (ECF No. 45) is DENIED without prejudice. Despite the informal nature of this Memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

---

[3] Federal also argues (1) that the term "due diligence" is ambiguous, and depending on how Plaintiffs define the term, it may include topics relevant to coverage, and (2) that it must be allowed to conduct discovery on the "good faith reliance" issue in order to present the Court with enough facts to evaluate whether Plaintiffs ignored red flags, which only can be accomplished after Federal conducts discovery into the investment process. Because the Court concludes that this matter is not ripe for disposition, the Court will not address these arguments.

[4] Citations refer to the pagination assigned by the Court's Case Management and Electronic Case Files ("CM/ECF") system.

Very truly yours,

/s/

George L. Russell, III
United States District Judge

4